**Victoria KLEIN and Ashley Swadley, Plaintiffs,**

**v.**

**O'NEAL, INC. d/b/a O'Neal, Jones & Feldman Pharmaceuticals, CVS Revco D.S., Inc., and Retrac, Inc., Defendants.**

**No. Civ.A. 7:03–CV–102–R.**

United States District Court,
N.D. Texas,
Wichita Falls Division.

May 11, 2004.

Arthur John Brender, Law Office of Art Brender, Dwain Dent, Frederick L. Streck, III, Dent Law Firm, Fort Worth, TX, for Plaintiffs.

David M. Taylor, Abby M. Goerig, Bradford K. Burdette, David A. McFarland, Thompson, Coe, Cousins & Irons, Dallas, TX, Jonah Orlofsky, Law Offices of Jonah Orlofsky, Chicago, IL, for Defendants.

### MEMORANDUM OPINION; CLASS CERTIFICATION

BUCHMEYER, Senior District Judge.

Before this Court is **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** (filed September 26, 2003). This Court held a hearing on the motion at issue on December 11, 2003. After considering the motion, response, and reply, the evidence presented at the hearing, applicable authorities, and the arguments of counsel, the motion is **GRANTED.** The court certifies the following class:

> All persons in the United States, including any estate representatives or heirs of deceased persons, who, during the period from November 1, 1983, until April 30, 1984, were administered E–Ferol. Included in the class are parents, spouses, children, guardians, and legal representatives of such persons with direct or derivative claims.

This Opinion will address, in turn, each of the requirements for class certification.

### I. Class Certification

Under Federal Rule of Civil Procedure 23(a), this Court may certify a class if Plaintiffs prove that the class meets four requirements: numerosity, commonality, typicality, and adequacy. In addition to the Rule 23(a) requirements, the proposed class must also fit within one of the categories outlined in Federal Rule of Civil Procedure 23(b). In this case, Plaintiffs make a claim for certification under Rule 23(b)(3), which requires that "questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As explained below, Plaintiffs have satisfied each of the requirements for class certification.

### A. Numerosity

■ The certified class consists of all persons who were administered E–Ferol between November 1, 1983, and April 30, 1984. The class is contained to persons within the borders of the continental United States. Parties agree, based on Food and Drug Administration ("FDA") data, that approximately 1,008 premature infants received the drug in the relevant time period. Excluding persons who have filed claims over injuries due

to E–Ferol receipt, the potential class numbers approximately 866. The potential class membership exceeds the number of claimants who could practicably be joined as individual plaintiffs, and class treatment of these claimants provides a more convenient and manageable process for the fair and efficient resolution of their claims.

## B. Commonality

■ To meet the commonality requirement, the court must find issues of law or fact common to the class. *See Mullen v. Treasure Chest Casino, LLC,* 186 F.3d at 625 (5th Cir.1999). The Court finds, pursuant to Fed.R.Civ.P. 23(a)(2), that the complaints of the Plaintiffs raise questions of fact common to the class. While a single common issue is sufficient to satisfy Rule 23(a)(2), this case presents numerous important common questions upon which each class member's ultimate right to recover will depend.

Common questions of fact exist regarding the development, manufacturing, distribution, testing, and sale of the drug. Common fact questions also exist regarding the drug and its effects, and Defendants' role in curing the harms or warning infants who received E–Ferol.

Common questions include factual issues related to liability of the Defendants for placing into commerce a drug determined by the FDA to have not been properly presented to the FDA and for misrepresenting or mislabeling the drug. The facts relating to product liability negligence, breach of warranty, and misrepresentation and fraud are substantially the same for all class members. To the extent that individual causation and damages questions arise with regard to individual class members, such issues may be given individual treatment. The appropriate procedure for structuring and organizing a trial of common issues as well as procedures for adjudicating any individual issues are not decided at this time, but await further discovery and clarification.

## C. Typicality

■ The claims of Victoria Klein and Ashley Swadley are typical of the claims of the class members as required by Fed.R.Civ.P. 23(a)(3). Plaintiff Victoria Klein was born on March 23, 1984 at Wichita Falls General Hospital. She was administered 16 doses of E–Ferol intravenously at Cook Children's Medical Center, formerly known as Fort Worth Children's Hospital, between March 23, 1984, and April 9, 1984. Plaintiff Ashley Swadley was born on February 18, 1984, at Baylor University Medical Center. She received four doses of E–Ferol between February 18, 1984, and February 28, 1984. These hospitals failed to notify patients who had received E–Ferol that it had been administered to them and further, failed to notify parents of these infants, some of whom died from E–Ferol, that they had been so exposed. These acts occurred despite findings that showed E–Ferol as the cause of death in some instances.

■ Typicality exists when the class representatives' claims arise from the same event or course of conduct and are based on the same legal or remedial theories as those of the class. Individual variations among class members' claims with respect to individual causation, medical history, general health, extent of injury, or damages, do not defeat typicality, provided that the claims arise from the same events or course of conduct and are based on the same legal theories. Here, all claims arise in the same course of conduct placing in commerce for use as an intravenous drug a substance that did not have FDA clearance and for which the Defendants were convicted of criminal violations, including fraud and misrepresentation. Common liability questions apply to each and every member of the class with regard to the testing, manufacturing, marketing, and sale of the product, and hence all arise from the same course of conduct. The typicality requirement is satisfied.

## D. Adequacy of Representation

■ The proposed named Plaintiffs will fairly and adequately protect and pursue the interest of the class. No conflict of interest exists between Plaintiffs and the proposed class. Furthermore, Plaintiffs' attorneys have demonstrated to this Court that they

are qualified, experienced, and able to conduct this litigation.

### E. Rule 23(b)(3) Requirements

To maintain a class action under Rule 23(b)(3), the questions common to the class must predominate over the questions affecting individual members, and a class action must be superior to other available methods of adjudication. Fed.R.Civ.P. 23(b)(3).

Common questions predominate over questions affecting individual class members. While there may be variations in the amounts of damages, each class member was injured by a singular course of action by Defendants. Individual damage amounts may involve proof of the individual circumstances of each class member, but many of the same facts will apply to each class member's damage claims, and the elements of damages for each individual plaintiff will involve proof of common questions.

As this case involves tort law as it applies in many different states, Plaintiffs have thoroughly reviewed the applicable products liability laws. Through their review and briefing, this Court is satisfied that Plaintiffs correctly urge that the differences in state laws do not present insurmountable obstacles to class certification. The relevant states recognize causes of action under (or substantially similar to) *Restatement (Second) of Torts* §§ 402A and 402B. The factual proof required to establish claims will be substantially similar for all class members. Furthermore, without class certification, parties will litigate the same core facts regarding the development, manufacturing, distribution, testing, and sale of the drug, as well as facts relating to the drug and its effects and Defendants' role in curing the harms or warning infants who received E–Ferol.

Certification of this litigation as a voluntary ("opt-out") class action is superior to individual actions or other available methods for the fair and efficient adjudication of this controversy. Joinder is impracticable due to the number of potential claimants, and individual cases would first require the resolution of issues that could be better resolved on a class basis. Resolution of the common issues of fact in this case will further the resolution of individual damages claims. Alternative methods of adjudication fail to offer the efficient resolution of factual issues offered by class certification, and the interests of judicial economy and justice require that this Court certify a class of Plaintiffs as proposed.

### II. Conclusion

For the reasons stated in this Opinion, Plaintiffs' Motion for Class Certification is GRANTED. The Court certifies a class as defined above. Plaintiffs' attorney shall submit a class certification order pursuant to this Opinion.

Each and every hospital or medical provider that administered E–Ferol during the applicable period are hereby ordered to produce, pursuant to this Court's order attached hereto as Exhibit A, the information contained in that order to Plaintiffs' counsel so that personal notification to each class member can be made.

The parties shall meet forthwith and prepare and submit an agreed proposed scheduling order to the Court for its consideration.

**It is so ORDERED.**